IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:10-CR-119 CEJ(TIA) |
| | ) |
| Leland Beasley, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT LELAND BEASLEY'S MOTION FOR A BILL OF PARTICULARS</u>**

COMES NOW Defendant, Leland Beasley, and moves the Court to require the Government to submit a bill of particulars, pursuant to Fed. R. Crim. P. 7(f). As grounds for this motion, Defendant states:

1. Count VIII of the Second Superseding Indictment issued on July 1st, 2010 alleges that between April 11th, 2002 and January 5th, 2009, a period of nearly 7 years, within the Eastern District of Missouri and elsewhere, Defendant Leland Beasley did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of Title 18, United States Code, Sections 2251(a).

2. Counts I through VII of the Second Superseding Indictment allege that between March 1st, 2006 and January 5th, 2009, a period of nearly 3 years, within the Eastern District of Missouri and elsewhere, Defendant did knowingly employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct and said sexually explicit conduct was for the

1

purpose of producing a visual depiction of such conduct in violation of Title 18, United States Code, Section 251(a).

3. The materials provided by the Government in the indictment fail to specify information essential to the preparation of the defense - in particular, the indictment fails to specify the dates when such acts occurred. The Government has provided reports referencing interviews and statements made by various witnesses regarding Mr. Beasley's alleged misconduct. The time frames provided in the indictment for the alleged abuses, in some instances, span several years, and thus lack particularity; furthermore, the time frames for the alleged abuses exceed the time frames that any victims indicate that any misconduct occurred.

4. Because the time frames are so broad and lacking in specificity, Defendant cannot prepare for trial or avoid or minimize the danger of surprise at trial.

5. Additionally, without more specific dates, the indictment would not allow Defendant to raise a double jeopardy defense in future prosecutions.

WHEREFORE, Defendant moves the Court to order the Government to provide a bill of particulars specifying the following information:

(a); The time(s), place(s), and date(s) with great specificity on which the violations occurred.

(b) Any other information or relief that the Court deems necessary and proper to allow Defendant to prepare his defense.

## MEMORANDUM IN SUPPORT

An indictment is sufficient only if it "contains the elements of the offense charged, and fairly informs a defendant of the charge against him which he must defend, and . . . enables him

to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  In determining whether an indictment "sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's clarity, and the availability of discovery." *United States v. Caputo*, 288 F.Supp.2d 923, 925 (N.D. Ill. 2003).

When an indictment is so vague that it does not allow the defendant adequately to prepare his defense, a bill of particulars under Rule 7(f) may be required.  FED. R. CRIM. P. 7(f).  A bill of particulars informs a defendant of "the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial," and to preserve his ability to raise a defense of double jeopardy in future prosecutions. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002).  "The function of a bill of particulars is to 'cure omissions of details that might enable the defendant to prepare his defense.'" *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir. 1984), *quoting United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978).  A trial court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991).

The Eighth Circuit has held that a "minor variance between the date of the offense as charged in the indictment and as proven at trial is constitutional so long as the indictment is sufficient to apprise the defendant of the charges against him and to allow his counsel to prepare for trial effectively," and therefore a one-month time span for a one-week-long offense was adequately particular when the defendant was the primary care giver for the minor victim one week during the month of June, because he could certainly determine from his own recollection which week that occurred. *United States v. Lee*, 232 F.3d 653, 656 (8th Cir. 2000).  The Eighth

3

Circuit has also held that an indictment citing a three-month time frame for a continuous offense that was combined with an exact description of the offense, as well as an exact address for the location of the offense, was sufficiently particular.  *Taran v. United States*, 88 F.2d 54, 57 (8th Cir. 1937).  Although "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements" because "children of tender years [. . . ] are simply unable to remember exact dates and times, . . . certainly, prosecutors should be as specific as possible in delineating the dates and times of abuse offenses."  *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005).

**a) Count VIII of the indictment is overly broad and therefore unconstitutional; a bill of particulars is necessary to cure it.**

Here, in Count VIII, Defendant Beasley is not charged with a particular offense during a one week, one month, or even three-year period in which exact acts, times, locations, and occurrences are described with particularity.  Rather, Mr. Beasley is charged in Count VIII of the indictment with committing offenses of a sexual nature against a minor during a period "between[,] on[,] or about April 11, 2002, and January 5, 2009" - a time span of nearly seven years.  This overly-broad span of time is problematic because it neither "fairly informs Defendant of the charge against him which he must defend," nor informs him of the "nature of the charge against him with sufficient precision to enable him to prepare for trial."  *Hamling*, 418 U.S. at 117; *Hernandez*, 299 F.3d at 989-90.  Nothing in the materials provided by the Government demonstrate that any alleged abuses occurred during a continuous period of seven years.  Furthermore, a period of seven years is too long for a Defendant to be able to prepare an alibi defense or answer the charges for his actions.  Moreover, even though children may be unable to remember exact dates and times, a child will likely be able to pin down, at least within the span

4

of a couple of years, when alleged abuses occurred. The overly-broad time span cited in the indictment in Count VIII is therefore unconstitutional.

If the Government, with the help of the alleged victim, cannot determine with more specificity when the alleged abuses occurred, Defendant Beasley will not be able to answer these accusations in court. A bill of particulars can "cure omissions of details that might enable the defendant to prepare his defense." *Perkins*, 748 F.2d at 1526. Therefore, Mr. Beasley respectfully requests that the Government provide him with a bill of particulars with regards to Count VIII of the indictment.

**b) Counts I-VII of the indictment are overly broad and therefore unconstitutional; a bill of particulars is necessary to cure it.**

Likewise, in Counts I-VII of the indictment, Mr. Beasley is charged with various sexual offenses against various minors during a period "between[,] on[,] or about March 1, 2006, and on or about January 5, 2009." Again, this time frame is overly broad and therefore unconstitutional. Like the problems with Count VIII, as cited above, which include Defendant's inability to prepare an adequate defense due to the excessive time frame during which the alleged abuses occurred, here, too, Mr. Beasley will be unable to adequately prepare a defense for such a long span of time. A bill of particulars stating with more specificity the dates of the alleged offenses will cure the problems with the indictment and enable Mr. Beasley to prepare an adequate defense. Therefore, Defendant respectfully requests the Government provide him with a bill of particulars with regards to Counts I-VII of the indictment.

**c. The overly-broad indictment violates Defendant Beasley's Fifth Amendment rights because it exposes him to risk of double jeopardy.**

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars a second prosecution for the same offense after acquittal or conviction, and it bars multiple

punishments for the same offense.  *United States v. Petty*, 62 F.3d 265, 266 (8th Cir. 1995), *citing North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  Because the Government has failed to provide the relevant details as to the dates and locations involved with the alleged misconduct, Defendant is unable to determine the precise nature of the allegations against him, and therefore would be unable to determine whether any future prosecutions for the same or similar conduct would be duplicitous and barred by the Double Jeopardy clause.

WHEREFORE, because the overly-broad indictment does not provide sufficient information to enable Defendant to be able to prepare an adequate defense or protect him from double jeopardy, Defendant requests that the Court require the Government to provide a bill of particulars, for the reasons stated herein.

Respectfully submitted,

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Nanci_McCarthy@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Robert F. Livergood, Assistant United States Attorney.

/s/Nanci H. McCarthy
NANCI H. McCARTHY
Assistant Federal Public Defender