UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.  S2-4:10 CR 119 CEJ (TIA) |
| | ) | |
| **LELAND BEASLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE AND OPPOSITION TO LELAND BEASLEY'S
MOTION FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Richard G. Callahan,  and Robert F. Livergood, Assistant United States Attorney for said district, and in response and opposition to "Defendant Leland Beasley's Motion for a Bill of Particulars" ("Defendant's Motion") states the following:

1. Currently pending before the Court is defendant's motion seeking a bill of particulars. Defendant claims that Counts One through Eight provide too little information.

2.  "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002) (citation omitted); see also United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Miller, 543 F.2d 1221, 1224 (8th Cir. 1976), cert. denied, 429 U.S. 1108 (1977).  A conviction will not be overturned for failure to order a bill of particulars unless the defendant suffers actual prejudice due to surprise at

trial. United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986).

3. "In determining whether the defendant has received sufficient information to allow him to prepare for trial, a court should consider any information obtained by the defendant through discovery, as well as that contained within the indictment." United States v. Diaz, 303 F.Supp.2d 84 , 88-89 (D.Conn. 2004) (citation omitted).

4. "[B]ecause a bill of particulars serves to restrict how the government may present its case at trial, the question is not whether the information sought would be beneficial to the defendant, but whether it is necessary for his defense." Id. at 89 (citation omitted).

5. The indictment contains "a plain, concise, and definite statement of the essential facts constituting the offense charged" and, therefore, complies with Fed. R. Crim. P. 7(c)(1). Each count of the indictment in this case sets forth a legally adequate description of the charged offenses. The indictment together with the discovery is sufficient to permit the defendant to prepare a defense to the charges and to plead a conviction or acquittal as a bar to a later prosecution.

6. The defendant is charged with nine counts of production of child pornography and two counts of possession of child pornography. Defendant seeks a bill of particulars as to Counts One through Eight, which are production of child pornography charges. The charges indicate the initials of the victims (if known), where the production occurred (in the Eastern District of Missouri), when the production occurred, and the means of production. Hence, the indictment is legally sufficient. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995); United States v. Fleming, 8 F.3d 1264 (8th Cir. 1993). See also United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002), cert. denied, 537 U.S. 1134 (2003). Accordingly, the defendant's motion should be denied.

7. Defendant also claims that the dates in the indictment are too broad.  "Generally, exact dates are not requires so long as they are within the statute of limitations and no prejudice is shown."  See United States v. Nunez, 558 F.2d 10, 12 (1st Cir. 1981).  Furthermore, as the defendant points out, a large time window is required in counts involving child sexual abuse because of the difficulty of children remember exact dates and times.  "Defendant's Motion" at 4.

8. The government has already made available to the defense liberal and extensive discovery in this case.  This discovery consisted of 853 pages which included: RCCEEG reports, St. Louis County Police reports,  St. Louis Metropolitan Police Department reports, consent to search forms, Warning and Waiver forms, evidence receipts, Fingerprint results,  St. Clair County Sheriff Department's report, victim statement,  recorded phone calls of defendant made while he was in jail, photographs, Children Advocacy Reports, and a CVIP report.  The government has freely given the defense access to the evidence in this matter and the defendant and his counsel have viewed the forensic evidence in this matter, which included videos of the production of child pornography.  Accordingly, the indictment and discovery provide the defendant with sufficient information to understand the charges against him, to adequately prepare a defense, and to protect himself against double jeopardy.

9. The defendant is fully aware that the charges in Counts One through Seven are based upon videos of child pornography that were produced at his Gamestation Sector 19 stores because he and his counsel have viewed the videos.  Defendant had several Gamestation stores at different locations over the years.  The locations included: 137 Lemay Ferry Road, St. Louis, Missouri, from about March 2006 to about November 2006; 2921 Lemay Ferry Road, St. Louis, Missouri, from about November 2006 to about January 2007; 3861 Lemay Ferry Road, St. Louis, Missouri, from

about January 2007 to about April 2008; and 710 Lemay Ferry Road, St. Louis, Missouri from about April 2008 until his arrest on January 5, 2009.

Defendant is also fully aware that the charge in Count Eight is based upon the production of child pornography that was produced of M.T. because he and his counsel viewed the images. The images of M.T. depicted M.T. at various ages. Also, M.T. made a written statement indicating that he did not remember how old he was when the images were made but that he was less than 18 years old. M.T. also wrote that "the photos were taken by [defendant] at his mother's house . . . ," which was located in the Eastern District of Missouri.

10.  The Indictment and discovery together provide the defendant more than enough information to understand the charges against the defendant and prepare a defense. Under such circumstances, a bill of particulars should not be required. United States v. Maull, 806 F.2d 1340, 1345-46 (8th Cir. 1986).

WHEREFORE, the government respectfully requests that the Court overrule Defendant's Motion a Bill of Particulars in all respects.

Respectfully submitted:

RICHARD G. CALLAHAN
United States Attorney

 s/Robert F. Livergood
ROBERT F. LIVERGOOD, #22937
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2309 FAX
Rob.Livergood@usdoj.gov

4

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, the foregoing was mailed to the following and filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Nanci McCarthy
Assistant Federal Public
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101

> s/ *Robert F. Livergood*
> ROBERT F. LIVERGOOD, 22937
> Assistant United States Attorney