UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S3-4:10 CR 119 CEJ ) |
| LELAND BEASLEY, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

COMES NOW, the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood, Assistant United States Attorney for said District, and for its response to "Defendant's Objection to the Memorandum and Recommendation of the United States Magistrate Judge," states as follows:

**I. INTRODUCTION**

The defendant has been indicted by a third superseding indictment on ten counts of production of child pornography and two counts of possession of child pornography.

Evidentiary hearings were conducted on August 30, 2010, and December 9, 2010. After extensive briefing the United States Magistrate Judge denied in part and granted in part defendant's motions to suppress. Defendant filed his objections the report and recommendation on March 14, 2011.

**II. DISCUSSION**

The Government urges this Court to adopt the Magistrate Judge's recommendations for

1

the following reasons:

1.	In paragraph five (5) of "Defendant's Objection to the Memorandum and Recommendation of the United States Magistrate Judge" (hereinafter, <u>Objections</u>), defendant objects to the findings of fact that C.D[1] and B.N. informed law enforcement agents that they viewed child pornography on a computer at defendant's Gamestation Sector 19. The Magistrate Judge's finding was supported by the record. <u>See</u> "Transcript of Hearing before Magistrate Terry I. Adelman," Aug. 30, 2010 (hereinafter, "Tr.1") at 6; "Transcript of Hearing before Magistrate Terry I. Adelman," Dec. 9, 2010 (hereinafter, "Tr.2") at 11, 19.

Defendant claims that the evidence is not relevant based on Federal Rules of Evidence 402. This evidence is relevant and is the subject of the Government's "Notice of Intent to use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence," (hereinafter, "404(b) Motion"). "404(b) Motion" at 18. As the "404(b) Motion" explains, the evidence should be admissible because it is inextricably intertwined with the charged offenses and it also establish defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident

Thus, the Court should adopt the Magistrate Judge's "Memorandum and Recommendation of United States Magistrate Judge" (hereinafter, <u>MRM</u>) for the reasons stated herein, as well as those reasons contained in the MRM and in the Government's previously filed memoranda.

2.	In paragraph six (6) of <u>Objections</u>, defendant objects to the finding of fact that no

---

[1] As defendant correctly states in note 1 of his <u>Objections</u>, the correct initials for C.D. are, in fact, L.D.

threats of promises were made to defendant by the police on January 5, 2009, when they spoke with defendant. The Magistrate Judge's finding is supported by the testimony presented at the August 30, 2010, motion hearing. Tr.1 at 8 - 13. Thus, the Court should adopt the MRM for the reasons stated herein, as well as those reasons contained in the MRM and in the Government's previously filed memoranda.

3. In paragraph seven (7) of Objections, defendant objects to the finding of fact that defendant did not reside at his mother's residence, but sometimes used his mother's address for legal purposes and for his driver's license. The Magistrate Judge's finding is supported by the testimony presented at the August 30, 2010, motion hearing. See Tr.1 at 23. This finding is further buttressed by interviews the police had with Mr. Douglas, defendant's employee. Mr. Douglas told police that defendant called him from jail after he was arrested for molesting K.N. During the telephone call, defendant asked Mr. Douglas to take several items to defendant's mother's house. Tr.2 at 42. Defendant referred to the house as his mother's house, not his house. No evidence in the record supports defendant's claim that he resided with his mother in January 2009. Thus, the Court should adopt the MRM for the reasons stated herein, as well as those reasons contained in the MRM and in the Government's previously filed memoranda.

4. In paragraph eight (8) of Objections, defendant objects to the Magistrate Judge's finding of fact that law enforcement officers did not search the digital cameras or the metal box. This finding is supported by the evidence presented at the motion hearings. Tr.1 at 35; Tr.2 at 45. The defendant also claims that a search of a clothing bag and camera bag was an improper search. Contrary to defendant's claim, the Magistrate Judge correctly concluded that defendant's mother had authority to allow the officers to view the items brought to her house. MRM at 7;

see also ¶ 8, infra (discussing the plain view doctrine). Furthermore, defendant granted the officers permission to search the cameras and lock box. Tr.1 at 45-50; Tr.2 at 48-51. The Magistrate Judge's findings are supported by the facts and by the law. Thus, the Court should adopt the MRM for the reasons stated herein, as well as those reasons contained in the MRM and in the Government's previously filed memoranda.

     5.    In paragraphs nine (9) of Objections, defendant objects to the Magistrate Judge's conclusion of law that by defendant asking Mr. Douglas to take specific items to defendant's mother's house, defendant assumed the risk that Mr. Douglas would tell others about the existence of the items and show them to others. This legal conclusion is supported by the facts and the law. See, e.g., United States v. Pennington, 287 F.3d 739, 746-47 (8th Cir. 2002); United States v. Jackson, 598 F.3d 340, 346 - 48 (7th Cir. 2010).

Defendant also argues, based on the police report, not evidence presented at the evidentiary hearings, that when he asked Mr. Douglas to take various items, including, cameras, lock box, and clothing, to defendant's mother's house in case of a burglary at the store, his request implied that no third party could access the items. Defendant merely asked that the items be moved from the store location to his mother's residence to prevent a burglar from stealing the items, nothing more. Defendant could have easily told Mr. Douglas not to look at the items, but did not. Defendant could have told Mr. Douglas to instruct defendant's mother not to look at the items, but did not. Defendant clearly assumed the risk that Mr. Douglas or his mother would examine the items or permit someone else to examine them.

Thus, the Court should adopt the MRM for the reasons stated herein, as well as those reasons contained in the MRM and in the Government's previously filed memoranda.

6. In paragraph ten (10) of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that defendant's mother had actual or apparent authority over the items taken to her house. The Magistrate Judge correctly relied on <u>United States v. James</u>, 571 F.3d 707 (7th Cir 2009), to find that defendant's mother had authority to grant the police permission to seize the items. <u>See also</u> <u>Jackson</u>, 598 F.3d at 346 - 48.

Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

7. In paragraph eleven (11) of <u>Objections</u>, the defendant argues that the Magistrate Judge should have relied on <u>United States v. Mar James</u>, 353 F.3d 606 (8th Cir. 2003). The key distinguishing factor between the facts in <u>Mar James</u> and the fact in the instant case is that in <u>Mar James</u>, law enforcement knew that Mar James wanted the evidence to be destroyed and not examined by anyone. <u>Id</u>. at 610-611, 614. Here, law enforcement had no such knowledge prior to the seizure of the items. Tr.1 at 39, Tr.2 at 68. The test is what the officer knew, not an unspoken hope by the defendant that the incriminating evidence would not be found. <u>See</u> <u>Jackson</u>, 598 F.3d at 347 - 49.

Furthermore, unlike <u>Mar James</u>, here defendant subsequently consented to the search of the cameras and lock box. Finally, even if the Court finds that <u>Mar James</u> applies, the evidence should not be suppressed pursuant to the inevitable discovery rule.

Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

8. In paragraph twelve (12) of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that the items seized from defendant's mother's house could have also been

5

seized under the plain view doctrine. During the evidentiary hearing, Sgt. Guinn, the one who seized the evidence from defendant's mother's house with her consent, testified, "Yes, that's -- she took me to a back room in the residence and identified several items, canvas bag that had a DVD recorder in it and Sony camera, digital camera, a Sony digital recorder along with a strong box that she said was brought over to her house, belonged to Leland." Tr.1 at 22. Thus, contrary to defendant's assertion, defendant's mother did not retrieve the items for the officer. Instead, defendant's mother took the officer to their location and showed them to him. The officer was thus in a lawful position to view the objects. Even if she did retrieve the items, she had legal access to them.

Defendant relies on Arizona v. Hicks, 480 U.S. 321, 324-25 (1987), claiming that an illegal search occurred because the items were manipulated. Defendant's reliance on Hicks is misplaced because here, unlike in Hicks, the officers had probable cause to believe the items in defendant's mother's house contained contraband. See United States v. Wilson, 565 F.3d 1059, 1065 (8th Cir. 2009) ("Relying solely on Arizona v. Hicks . . . Wilson argues that the incriminating evidence contained on the video tape, camera, and phone was not immediately apparent because police had to manipulate those items before viewing the material stored therein. In Arizona v. Hicks, the Supreme Court held that the plain view exception did not apply where officers, lacking probable cause to associate stereo equipment with criminal activity, moved the equipment to read and record its serial numbers. . . . Wilson's reliance on Arizona v. Hicks is misplaced because the officers had probable cause to believe that the items were connected to criminal activity without viewing their contents.")

Thus, the Court should adopt the MRM for the reasons stated herein, as well as those

6

reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

9. In paragraph thirteen (13) of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that police seeking defendant's consent did not violate Fifth or Sixth Amendment because the consent was not an interrogation and was not a critical stage of a criminal proceeding. The Court should adopt the <u>MRM</u> for the reasons stated in the <u>MRM</u> and in the Government's previously filed memoranda.

10. In paragraph fourteen (14) of <u>Objections</u>, defendant objects the Magistrate Judge's conclusion of law that defendant's consent to search was made voluntarily. The Magistrate Judge correctly concluded that no threats or promises were made in order to induce defendant to consent. <u>See</u> Tr.1 at 47, Tr.2 at 48. Defendant claims that his discussion with law enforcement officers about the lock box resulted in his consent being coerced. There is nothing in the record to even suggest that the officers coerced defendant's consent. Nevertheless, it is important to note that before the conversation occurred about the lock box, defendant had already consented orally to the search of the items. Tr.2 at 49. Finally, not only did defendant orally consent, he signed the consent forms, albeit after the conversation, and never withdrew his consent. Tr.2 at 50.

Even if consent only occurred after the conversation about the lock box, there were no threats or promises made to defendant. Defendant contends that the officers forced the defendant to comment about the ownership of the box. However, it was defendant who initially discussed the ownership of the box, not the officers. Tr.2 at 51. It is clear from the record that the officers never forced the defendant to say anything. Defendant's consent was freely given.

Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those

reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

11. In paragraph 15 of the <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that the doctrine of inevitable discovery applied. The Court should adopt the <u>MRM</u> for the reasons stated in the <u>MRM</u> and in the Government's previously filed memoranda.

12. In paragraph 16 of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that defendant's encounter on January 5, 2009, at the Gamestation store was not custodial. The Magistrate Judge properly concluded that the defendant was not in custody, finding:

> The Defendant was not handcuffed or other wise restrained in any significant way, no guns were drawn by the police officers, the police officers were in plain clothes and their guns were concealed, no threats or promises were made to the Defendant in any way to obtain his statements, the Defendant was not intimidated or coerced in any way into making statements, and, finally, the agents obtained the Defendant's permission before speaking to him. Importantly, the interview took place on Defendant's premises.

<u>MRM</u> at 22.

Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

13. In paragraph seventeen (17) of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that on January 5, 2009, a reasonable person in defendant's place would not have considered himself in custody.[2] As set out in ¶ 13, <u>supra</u>, The Magistrate Judge correctly concluded that defendant was not in custody. Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

---

[2]The Magistrate Judge referred to Tim Hudson as defendant's employee. However, defendant's employee was Tim Douglas. Tr.2 at 20.

14. In paragraph eighteen (18) of <u>Objections</u>, defendant objects to the Magistrate Judge's conclusion of law that defendant's consents to search on January 5, 2009, were voluntary. Defendant contends that his prior encounters with the legal system made him "more vulnerable than even an inexperienced defendant" because he was previously falsely accused of a crime. If this were in fact true, one would expect that defendant would be more cautious around the legal system and less likely to cooperate. Nevertheless, a person's prior experience is only one of many factors that the courts can use to determine whether consent was voluntary. <u>United States v. Arciniega</u>, 569 F.3d 394, 398 (8th Cir. 2009). The Magistrate Judge did not rely solely on this factor and merely mentioned it at arriving at his conclusion.

Thus, the Court should adopt the <u>MRM</u> for the reasons stated herein, as well as those reasons contained in the <u>MRM</u> and in the Government's previously filed memoranda.

### III.  CONCLUSION

For all the reasons stated herein, the Government requests that the Court adopt the Magistrate Judge's MRM.

                      Respectfully submitted,

                      RICHARD G. CALLAHAN
                      United States Attorney

                      <u>s/ Robert F. Livergood</u>
                      ROBERT F. LIVERGOOD, 35432MO
                      Assistant United States Attorney
                      111 S. 10th Street, Rm. 20.333
                      St. Louis, Missouri 63102
                      (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. Nanci McCarthy
Assistant Federal Public Defender
Office of the Federal Public Defender
1010 Market Street, Suite 200
St. Louis, MO 63101

*s/ Robert F. Livergood*
ROBERT F. LIVERGOOD, 35432MO
Assistant United States Attorney