IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:10-CR-119 CEJ (TIA) |
| | ) |
| LELAND BEASLEY | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT BEASLEY'S RESPONSE TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF "PRIOR BAD ACTS" PER RULE 414**

Comes now Leland Beasley, Defendant (Beasley), by and through his attorney, Assistant Federal Public Defender Nanci McCarthy, and requests that this Court deny the Government's motion to introduce evidence of uncharged acts. Mr. Beasley contends that such evidence is irrelevant, and, even if deemed relevant, its probative value is outweighed by its unfairly prejudicial nature. In support thereof, Defendant Beasley states to the Court the following:

**Facts:**

The Government has provided notice to Beasley of its intent to introduce evidence of uncharged acts during his trial which begins April 13, 2011. In its *Third Superseding Indictment*, the Government has charged Beasley with 8 counts of child pornography production, 2 counts of attempted child pornography production, and 2 counts of possession of child pornography. The Government seeks to supplement the evidence allegedly supporting these accusations with other evidence of uncharged acts, specifically, photos, videos, and witness testimony.

**Argument**

Evidence of defendant Leland Beasley's alleged "prior bad acts" of sexual contact with minors must be excluded from the instant trial because they are not relevant and their probative value is outweighed by their prejudicial nature. Specifically, introduction of such evidence would improperly sway the jury and unfairly force Beasley to face charges other than those before this Court. Additionally, introduction of such evidence that is unrelated to and unnecessary for proving the charged offenses is cumulative and a waste of the Court's time. Finally, this evidence does not establish Beasley's guilt for the charged offenses and as such, its introduction must be precluded.

Although attempting to prove a defendant guilty by means of establishing his propensity to commit "bad acts" is explicitly prohibited by the Federal Rules of Evidence, the Government contends these particular pieces of evidence are admissible to help establish Beasley's guilt because they are "inextricably intertwined," they are an exception to the prohibition of character propensity evidence pursuant to Rule 414, and they "establish the defendant's intent and motive." *Government's Notice of Intent to use 414 Evidence* (*GNOI414*), 2. These exceptions fail to render said evidence admissible. First, "inextricably intertwined" alone is not an acceptable exception to the bar on character propensity evidence per Rule 414 or 404(b). Second, although evidence of "the defendant's intent and motive" can be exceptions to Rule 404(b), such states of mind are not relevant to a Rule 414 consideration; moreover, such states of mind cannot be introduced unless the defendant offers a defense relevant to those states of mind. See *United States v. Sumner*, 119 F.3d 658, 660 (8th Cir. 1997) (which explains that "intent is not at issue, however, when the defendant specifically denies only the criminal act. If the defendant decides with sufficient clarity to mount a defense that consists solely of a denial of the

criminal act rather than a denial of the criminal intent, Rule 404(b) evidence on the issue of intent is not admissible."). Finally, even if this evidence was deemed relevant and probative, still, its introduction is cumulative and would impermissibly divert the jury's attention and confuse the issues involved in the case at bar.

More notably, although Rule 414 makes an exception to the general bar on character propensity evidence in certain child molestation cases, the facts of this case and the evidence the Government seeks to admit do not meet the admissibility requirements of Rule 414.  All evidence sought to be admitted pursuant to Rule 414 is still subject to a balancing of probativity and prejudice per Rule 403; if the evidence is more prejudicial than probative, it must be excluded.  Rule 414 states that "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed.R.Evid. 414.  However, "Rule 414 is not a blank check entitling the government to introduce whatever evidence it wishes, no matter how minimally relevant and potentially devastating to the defendant." *United States v. LeMay*, 260 F.3d 1018, 1022 (9th Cir. 2001).  To determine whether a Rule 414 exception applies to a particular "prior bad act," a court must engage in a two-part test first by determining relevance, and second, if relevant, by determining the evidence is more probative than prejudicial.  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

To conduct the first part of the test for admissibility under Rule 414, the Court must assess "whether the evidence has probative value." *United States v. Gabe*, 237 F.3d 954, 959-60

(8th Cir. 2001) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (internal citations omitted)).  Second, after assessing the probativity of the evidence, "The court must next balance that probative value against the risk of unfair prejudice (and any other pertinent Rule 403 factor)." *United States v. Butler,* 56 F.3d 941, 960 (8th Cir. 1995).  If determined to be relevant, such evidence is still only admissible if its probativity is not "'substantially outweighed' by one or more of the factors enumerated in Rule 403, including 'the danger of unfair prejudice.'"   *United States v. Billie*, No. C4-05-12, slip op. at *2 (D. ND. Aug. 26, 2005) (quoting *LeCompte*, 131 F.3d at 769).  The Eighth Circuit has defined "unfair prejudice" as "the undue tendency to suggest [a] decision on an improper basis." (*United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (quoting *United States v. Adams*, 401 F.3d 886, 899-900 (8th Cir. 2005)).  For example, evidence that is "so inflammatory on its face as to divert the jury's attention from the material issues in the trial is unfairly prejudicial."  *Id*. (quoting *United States v. Johnson*, 463 F.3d 803, 809 (8th Cir. 2006) (internal citations omitted)).

Evidence of alleged but uncharged and unsubstantiated, and moreover, unconvicted "prior bad acts" is scarcely probative.  Introduction of such evidence would divert the jury's attention from the material issues in the instant trial and would interfere with Beasley's right to a fair trial.  Additionally, such evidence might influence the jury to punish Beasley for crimes he is not presently charged with and that are not relevant to the instant charges.  More notably, evidence of child molestation and sexual assault is inherently inflammatory.  Thus, introduction of such evidence is highly prejudicial and must be excluded.  Therefore, Defendant Beasley respectfully requests that this Court exclude all photographs, images, videos, and testimony that do not pertain to the charged offenses from the Government's *Third Superseding Indictment*.

### I. All images and videos of alleged bad acts that are unsubstantiated and unrelated to the charged acts must be excluded.

Images and videos of alleged "bad acts" that are unsubstantiated and unrelated are inadmissible, notwithstanding the more lenient standards of Rule 414; as the Supreme Court has emphasized:

> This is not to say that the Government may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.  Evidence is admissible. . . only if it is relevant.  "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Advisory Committee's Notes on Fed.Rule.Evid. 401. . . similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988).

Clearly, relevancy is a critical inquiry to the admissibility of potential 414 evidence, as is probativity and the potential for unfair prejudice.  The evidence identified by the Government fails both the relevancy and probativity tests because it does not establish Beasley's guilt for the pending charges and it has not been established as involving Beasley.  Additionally, the evidence is irrelevant because it demonstrates alleged acts of child molestation.  Beasley is on trial for various accusations involving child pornography - a crime of which molestation is not probative.

In *United States v. Heidebur,* the Eighth Circuit excluded evidence of sexual abuse of a minor for a defendant charged with production of pornographic images of that same minor, ruling the "prior bad act" of molestation was not relevant. *United States v. Heidebur*, 122 F.3d 577, 581 (8th Cir. 1997).  In *United States v. Heidebur*, when the defendant was caught molesting his step-daughter and confessed not only to the abuse, but also to taking pornographic photographs of her, the court held that "we cannot see any way in which the defendant's abuse of his stepdaughter is probative of his knowing possession of the photographs." *Id.*  The proposed

-5-

evidence in the instant situation is even less probative than the evidence in *Heidebur,* where the defendant took photographs of the child he molested and admitted to both acts. As such, with no probative value, the second part of the test for admissibility under Rule 414 need not even be considered.

Nevertheless, even if the Court were to find the identified images and videos as probative to the present charges, the probativity is still outweighed by unfair prejudice. First, images of a sexual nature involving minors are inherently inflammatory. Second, introduction of such evidence might suggest to a jury that Beasley did, in fact, commit these acts or that he is a "bad person" prone to committing such acts, an inherent danger of character propensity evidence. As such, said evidence is highly prejudicial. Although courts have determined that Congress's intent when passing Rule 414 was to allow character propensity evidence to be admitted in some child molestation cases, such evidence is still subject to a balancing of probativity and prejudice per Rule 403. *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006). Specifically, care must be taken to ensure that such evidence does not impermissibly overpersuade the jury; as the Supreme Court has noted: "The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Old chief v. US*, 519 U.S. 172, 181 (1997). Evidence that is deemed unfairly prejudicial must be excluded. Fed.R.Evid. 403. Here, even if this Court were to deem the photos and videos in question as relevant and probative, introduction of this evidence is impermissible because being so inflammatory by nature, the images and videos would surely lead the jury to make a decision on an improper basis.

Moreover, the evidence in question depicts alleged uncharged and unsubstantiated acts,

which are fundamentally less probative than proven and substantiated prior bad acts. "Prior bad acts" in the form of *past convictions for similar acts* are often admissible per Rule 414; however, uncharged allegations or alleged incidents for which there was no prosecution are more prejudicial than probative and should be excluded per Rule 403. See *United States v. Mound*, 149 F.3d 799, 802 (8th Cir. 1998) (reasoning that although prior convictions could be more probative than prejudicial, alleged conduct that was never substantiated and that never resulted in a prosecution would be more prejudicial than probative, and therefore is inadmissible[1]). Without a showing that this highly prejudicial evidence was committed by Beasley, its prejudicial nature necessarily outweighs its probativity.

In *United States v. Sumner*, the Eighth Circuit held that prior, unsubstantiated sexual misconduct allegations are unfairly prejudicial and lack probativity, and thus were inadmissible. *United States v. Sumner*, 119 F.3d 658, 661 (8th Cir. 1997). In *Sumner*, evidence of a prior unproven charge of sexual assault was ruled inadmissible for a defendant charged with various counts of sexual abuse. *Id*. The *Sumner* court reasoned that when "there was a question whether the acts of abuse had even occurred," the "inflammatory nature of the evidence" rendered it more prejudicial than probative. *Id*. Similarly, in *United States v. Mound*, the Eighth Circuit distinguished prior convictions from prior, unprosecuted accusations, and excluded the latter for being "unfairly prejudicial." *Mound*, 149 F.3d at 802. Here, like the prior unsubstantiated accusations in *Sumner* and *Mound*, evidence of molestation for which Beasley has not been convicted or proven guilty is also more prejudicial than probative, and like the defendants in

---

[1] In *Mound*, the district court judge reasoned that while prior convictions could be deemed admissible per Rule 414, prior, unconvicted acts are more prejudicial than probative, stating: "[Although a] simple conviction does not go along those lines. . . a type of incident as to which there was no prosecution. . . would, I think, get into that problem." *Mound*, 149 F.3d at 802.

*Sumner* and *Mound*, Beasley should not be subjected to defending himself from such allegations. Inclusion of evidence of this sort would portray Beasley as guilty of crimes for which he has not been found guilty, influencing the jury to make an unfair and erroneous judgment. See *United States v. Hough*, 385 F. App'x. 535 (6th Cir. 2010) (where the Sixth Circuit deemed evidence of prior, unsubstantiated accusations of child molestation inadmissible because "The testimony regarding the alleged [but unprosecuted] molestations. . . would distract the jury from the evidence on the actual charges and could create unfair prejudice by inflaming the jury and possibly leading to a decision to convict [the defendant] for his prior acts"). Introducing such evidence would force Beasley to face accusations for which he has not been charged, causing the jury to weigh improper evidence in the instant trial and potentially punish Beasley for acts that he did not commit. Not only would such evidence be unfairly prejudicial, but also it would deprive Beasley of his due process rights and the right to a fair trial.

Finally, the Government surely has evidence it believes supports the charges against Beasley; introducing evidence of other alleged acts that is unrelated, uncharged, and unsubstantiated - particularly when that evidence is highly inflammatory by nature - is unnecessarily cumulative and thus more prejudicial than probative. "When the probative value of evidence is substantially outweighed by the danger of. . . unnecessary cumulativeness, then even if that evidence is otherwise relevant, it may be excluded." Fed.R.Evid. 403. In cases involving child pornography, courts have limited the number of images submitted to the jury to reduce their prejudicial impact. A court in the First Circuit noted that "although the admitted evidence undoubtedly had an emotional impact on jurors, the court properly balanced the competing concerns of Rule 403 by limiting the number of images presented." *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008) (see also *United States v. Dean*, 135 F.

-8-

Supp. 2d 207, 211 (D. Me. 2001) which held that 16 out of the 370 images found in the defendant's home - approximately 4% - were an appropriately limited number to submit to the jury). Here, the Government seeks to admit an additional 322 images and 103 videos that are not directly supportive of the charged offenses. Introduction of such a voluminous amount of evidence *in addition to* the evidence the Government intends to admit to prove its case-in-chief is simply unnecessarily cumulative and unfairly prejudicial.

In light of the overwhelmingly prejudicial nature of the additional evidence the Government seeks to admit, combined with the low probativity of unsupported evidence of alleged but unproven acts that are unrelated to the charged offenses, admission of such evidence is inappropriate. Admitting this evidence would unfairly deny Beasley's Constitutional rights to a fair trial.

**II. Testimony by witnesses of uncharged alleged conduct is irrelevant, highly prejudicial, and a violation of Beasley's Constitutional rights; as such, it must be excluded.**

Permitting children to take the stand and accuse Beasley of acts of sexual molestation when such accusations are unsubstantiated, and more importantly, not charged in the current indictment, would impermissibly render impossible Beasley's right to a fair trial. This would be a clear violation of Beasley's Constitutional rights. First, testimony of uncharged and unsubstantiated acts of sexual molestation is not only irrelevant but also highly inflammatory. Second, such testimony would divert the jury's attention from the instant charges, potentially causing a "mini-trial" and depriving Beasley from a fair trial in the instant case. Third, such testimony would certainly influence the jury to decide a verdict on an improper basis or punish Beasley for uncharged and unproven conduct. Notwithstanding Rule 414's more permissive admissibility requirements, Rule 403 prohibits the introduction of evidence that is so unfairly prejudicial it could influence the jury or "divert the jury's attention from the material issues in

the trial." *Betcher*, 534 F.3d at 825. "Evidence is. . . unfairly prejudicial because it. . . tends to encourage the jury to find guilt from improper reasoning. Whether there was unfair prejudice depends on whether there was an 'undue tendency to suggest decision on an improper basis.'" *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quoting *United States v. Looking Cloud,* 419 F.3d 781, 785 (8th Cir. 2005) and *United States v. Sills,* 120 F.3d 917, 920 (8th Cir.1997) (internal citations omitted)). Evidence deemed more prejudicial than probative must be excluded. Fed.R.Evid. 403.

Presenting evidence for other, unrelated alleged crimes would have the effect of putting on a "mini-trial" - which not only would waste the Court's time[2], but also, as the Eighth Circuit has recently held, would pose "a substantial risk of distracting the jury from its central task of determining" the instant charges. *United States v. Cook*, 454 F.3d 938, 942 (8th Cir. 2006). The court in *Cook* reasoned, "As the Ninth Circuit concluded when faced with a similar situation. . ., The district court did not abuse its discretion in focusing the trial on the offense at issue, and not allowing the parties to stray and discuss the details of several extraneous [crimes]." *Id*. (citing *United States v. Perkins,* 937 F.2d 1397, 1401 (9th Cir.1991)). More prejudicial than wasting the Court's time, however, would be to allow the jury to weigh testimony of unsubstantiated and highly inflammatory accusations. Indeed, permitting minors to take the stand and accuse Beasley of crimes for which he has not only not been charged but also for which he has not been convicted would necessarily focus the jurors' attention on that testimony and not on the facts in the instant trial, resulting in jurors evaluating the wrong evidence; that, simply, violates

---

[2] See again *Hough*, where the Sixth Circuit reasoned that "proving that [the allegations as to [the uncharged offenses] actually occurred would make this case derail into a mini-trial into each of those" allegations. *Hough*, 385 F. App'x. at 537-38.

Beasley's rights.  Finally, such accusations of child molestation, besides being inflammatory and unsubstantiated, are irrelevant to charges for child pornography.  Simply, Beasley is facing federal charges for child pornography production and possession; Beasley is not charged with child molestation or sexual assault.  As such, evidence of alleged acts of molestation is neither relevant nor probative.  Ultimately, allowing minors to make accusations that are unsubstantiated and unrelated to the present charges would render a fair trial impossible.  In light of these risks, the Court here should exclude the testimony of the witnesses identified in the Government's *Notice*.

## Conclusion:

Because evidence of alleged but unsubstantiated "prior bad acts" is irrelevant and highly prejudicial, its introduction is inappropriate even according to the more permissive Rule 414 standards.  Introduction of such evidence and testimony would be so inflammatory it would improperly influence the jurors to consider evidence for which Beasley is not being charged, while diverting the jury's attention from the case at hand.  Moreover, Beasley should not have to face accusations for which he has not been charged.   Doing so would surely violate Beasley's rights.  In light of the standards outlined by the Federal Rules of Evidence and the protections afforded to criminal defendants by the United States Constitution, introducing such evidence is impermissible and must not be allowed.

WHEREFORE, for the foregoing reasons, Beasley prays this Court deny the Government's motion of intent to introduce 414 evidence.

    Respectfully submitted,

    /s/Nanci H. McCarthy
    NANCI H. MCCARTHY

        Assistant Federal Public Defender
        1010 Market Street, Suite 200
        St. Louis, Missouri 63101
        Telephone: (314) 241-1255
        Fax: (314) 421-3177
        E-mail: Nanci_McCarthy@fd.org

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Robert F. Livergood, Assistant United States Attorney.

        /s/Nanci H. McCarthy
        NANCI H. MCCARTHY
        Assistant Federal Public Defender