UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. S3-4:10-CR-119 CEJ |
| LELAND BEASLEY, | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On March 2, 2011, Judge Adelman issued a Memorandum and Recommendation with respect to the motions filed by defendant Leland Beasley to suppress statements and to suppress evidence. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motions be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. Specifically, the Court has reviewed the memoranda filed by the parties and the transcripts of the testimony presented at the suppression hearing.

### I. Motion to Suppress Statements

The evidence establishes that the defendant was not in custody when the police officers interviewed him at his place of business on January 5, 2009. The

defendant was not physically restrained in any way, there was no show of force by the officers, and there is no evidence that the manner or the environment in which the interview was conducted would have led a reasonable person to believe that he was not free to leave. Consequently, it was unnecessary for the officers to give the Miranda warnings to the defendant at that time. Miranda v. Arizona, 384 U.S. 436, 478-79 (1966).

The evidence also establishes that the defendant was given the Miranda warnings after he was taken to the police station on January 5, 2009, and before any questions were asked. The defendant indicated in writing that he understood his rights to remain silent and to counsel. No threats, physical force or coercion of any type was employed by the police to elicit a statement from the defendant. The defendant's statements were made after an intelligent waiver of his rights and were voluntary. Consequently, there is no basis for suppressing the statements the defendant made on January 5, 2009.

The defendant also made statements to the police on January 19, 2009. The magistrate judge recommended that these statements be suppressed. The United States has not objected to this recommendation and, therefore, it will be adopted by the Court.

II. Motion to Suppress Evidence

The evidence establishes that on January 5, 2009, the defendant consented to the search and seizure of the computers at his store. The defendant was not in custody at that time, nor were any threats or promises made to him. The magistrate judge correctly concluded that the defendant's consent was voluntary.

The evidence also establishes that later on January 5, 2009, the defendant instructed his employee, Tim Douglas, to retrieve a canvas bag, cameras, and a locked metal box from the defendant's store and deliver them to the defendant's mother, Leslie Moss. Mr. Douglas complied and later informed the police. When an officer went to the Ms. Moss's house, she showed him the items that had been delivered to her by Mr. Douglas. Ms. Moss consented to the seizure of the items by the police. Although the defendant sometimes used his mother's address for legal purposes, there is no evidence that he actually lived in her house. There is no evidence that the defendant instructed Mr. Douglas or Ms. Moss not to look at the items or not to show them to anyone else.

By arranging to have the items placed in Ms. Moss's custody, the defendant assumed the risk that she would disclose the items to others and conferred upon her the right to exercise actual or apparent authority over the property. Because Ms. Moss had at least apparent authority, her consent to allow the police to view and to seize the items was valid. See United States v. James, 571 F.3d 707, 713-715 (7th Cir. 2009).

Even if Ms. Moss's consent was not valid, the seizure of the property was permissible under "plain view" doctrine. The police officer was lawfully on Ms. Moss's premises when she voluntarily showed him the property. Also, the incriminating nature of the cameras and the lock box was apparent in light of the evidence the police had already obtained indicating the defendant's involvement in manufacturing and possessing images of child pornography. See United States v. Weinbender, 109 F.3d 1327, 1330 (8th Cir. 1997).

On January 19, 2009, the defendant consented to the search of the cameras and the lock box that the police had obtained from Ms. Moss. No threats, promises, or deceptive measures were employed by the police, and the defendant's consent to the search was voluntary. The fact that the defendant was in custody at the time he consented to the search does not vitiate the voluntariness of his consent. Further, neither the Fifth Amendment nor the Sixth Amendment was violated, even though the request was made outside the presence of his attorney. A request for consent is not an interrogation that would implicate a defendant's Fifth Amendment privilege. Cody v. Solem, 755 F.2d 1323, 1330 (8th Cir. 1985) [*citing*, United States v. Garcia, 496 F.2d 670, 675 (5th Cir. 1974), cert. denied, 420 U.S. 960 (1975). Additionally, as the magistrate judge correctly found, the evidence in the cameras and lock box would have been lawfully revealed, even in the absence of the defendant's consent, because the police already had other evidence that would have supported the issuance of a search warrant for these items. See United States v. Cooney, 26 Fed. Appx. 513, 524 (6th Cir. 2002).

\* \* \* \* \*

Upon *de novo* review, the Court concludes that the factual findings made by Judge Adelman are supported by the evidence and that his legal conclusions are correct.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Recommendation of United States Magistrate Judge Terry I. Adelman is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant Leland Beasley to suppress evidence [Doc. # 63] is **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion to suppress statements [Doc. #64] and motions to suppress evidence [Doc. # 65 and # 90] are **granted in part**. The United States is prohibited from using or mentioning in its case in chief the statements made by the defendant on January 19, 2009, concerning the combination to the lock box and ownership of the box and the cameras. The motions are **denied in all other respects**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2011.