IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:10-CR-119 CEJ (TIA) |
| | ) |
| LELAND BEASLEY | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT BEASLEY'S MOTION IN LIMINE TO EXCLUDE ANY INTERPRETATION OF JAIL CALLS BY NON-EXPERT WITNESSES**

Comes now Leland Beasley, Defendant (Beasley), by and through his attorney, Assistant Federal Public Defender Nanci McCarthy, and requests that this Court preclude the Government and its witnesses or agents from making unauthorized and inappropriate interpretations of Beasley's recorded telephone conversations from the St. Louis County Jail. In support thereof, Defendant Beasley states to the Court the following:

**Facts:**

In its *Notice of Intent to use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence*, the Government states that on January 7, 2009 Beasley telephoned his mother from the St. Louis County Jail and asked her to destroy evidence, then "*using coded language*, again asked his mother to destroy evidence." *Government Notice of Intent to use Inextricably Intertwined (GNOIII)*, 4 (emphasis added). In its list of desired testimony, the Government includes: "8) Testimony pertaining to and evidence of recorded jail phone calls defendant made to his mother, Leslie Moss, requesting, either directly *or in coded language*, that she destroy

some of the evidence that Mr. Douglas took to defendant's mother's house." *GNOIII*, 19 (emphasis added).

### **Argument:**

Without conceding that Beasley instructed his mother, Ms. Moss, either explicitly or through "using coded language," to destroy evidence, Beasley asserts that the Government and its agents have no basis for such an interpretation of Beasley's telephone conversation. The meaning of Beasley's statements is a question of fact reserved solely for a trier of fact to determine. Law enforcement agents and prosecutors – unless and until they are qualified as language interpretation experts – simply cannot offer an opinion as to what Beasley meant when he spoke with his mother. The Eighth Circuit has made clear that non-experts are precluded from offering opinions or interpretations of facts that they did not personally perceive:

> Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matters about which [he or] she testifies, except in the case of expert opinions. Rule 701 adds that testimony in the form of lay opinions must be rationally based on the perception of the witness. When a law enforcement officer is not qualified as an expert by the court, [his or] her testimony is admissible as lay opinion *only when the law enforcement officer is a participant in the conversation, has personal knowledge of the facts being related in the conversation, or observed the conversations as they occurred.* See, e.g., United States v. Parsee, 178 F.3d 374, 379 (5th Cir. 1999) (witness was a participant in the conversation); United States v. Saulter, 60 F.3d 270, 276 (7th Cir. 1995) (witness had firsthand knowledge of the facts being related); United States v. Awan, 966 F.2d 1415, 1430 (11th Cir. 1992) (undercover agent was a participant in the conversations and had personal knowledge of the facts being discussed). United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001) (emphasis added).

Because no law enforcement agents have been qualified as experts, and no officers personally witnessed the conversation between Beasley and his mother, much less witnessed the events the conversation referred to, they are not qualified to offer opinions as to the meaning of the language and any interpretation they may have is inadmissible.

In *United States v. Peoples*, when "Agent Neal lacked first-hand knowledge of the matters about which she testified [and] Her opinions were based on her investigation after the fact, not on her perception of the facts," the court held that not only were her opinions inadmissible, but also the district court's admission of those opinions was reversible error: "Accordingly, the district court erred in admitting Agent Neal's opinions about the recorded conversations. The court's instructions to the jury that Agent Neal's opinions constituted argument rather than evidence finds no warrant in the Federal Rules of Evidence and could not serve to render admissible that which was inadmissible testimony." *Peoples*, 250 F.3d at 641-42. Here, like in *Peoples*, the detectives and the Prosecutor are not experts and do not have first-hand knowledge of Beasley's conversation; as such, they are all precluded from offering an opinion about the meaning of Beasley's alleged "coded language."

Beasley maintains that this evidence in its entirety is inadmissible for being irrelevant and more prejudicial than probative; but assuming that prior to the admission of such evidence, the Court will have identified an appropriate and proper evidentiary basis for its admission, Beasley nevertheless moves this Court to preclude any interpretation of what the Government identifies as "coded language." Specifically, Beasley requests this Court instruct the Government to refrain from any mention of "coded language," as well as any interpretation of what that language could mean; additionally, Beasley requests this Court instruct the Government to instruct its witnesses, unless and until they are qualified as experts, to similarly refrain.

WHEREFORE, for the foregoing reasons, Beasley prays this Court preclude the Government and its witnesses from making unauthorized and inappropriate interpretations of fact.

Respectfully submitted,

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Nanci_McCarthy@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Robert F. Livergood, Assistant United States Attorney.

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender